**TA SHENG CHANG, aka Desheng Chen, aka De–Sheng Chen, Petitioner,**

v.

**Mark R. FILIP,[1] Acting Attorney General of the United States, Respondent.**

No. 08–2552–ag.

United States Court of Appeals, Second Circuit.

Jan. 30, 2009.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Mark R. Filip is substituted automatically for former Attorney General Michael B. Mukasey as the respondent in this case.

**542**

Jason A. Nielson, Law Offices of Joe Zhenghong Zhou and Associates, PLLC, Flushing, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Patrick J. Glen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ta Sheng Chang, a native and citizen of the People's Republic of China, seeks review of the April 28, 2008 order of the BIA, affirming the May 6, 2007 decision of Immigration Judge ("IJ") Robert D. Weisel, which denied his motion to reopen. *In re Ta Sheng Chang*, No. A72 831 036 (B.I.A. Apr. 28, 2008), *aff'g* No. A72 831 036 (Immig. Ct. N.Y. City May 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, we find that the BIA did not abuse its discretion in denying Chang's motion to reopen as untimely. *See* 8 C.F.R. § 1003.23(b)(4)(ii).

In a situation where ineffective assistance of counsel prevents an alien from presenting his claim, the filing deadline for motions to reopen may be equitably tolled. *Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006). In order to warrant equitable tolling, an alien is required to demonstrate "due diligence" in pursuing his claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir.2008). We have noted that "there is no period of time which we can say is *per se* unreasonable, and, therefore, disqualifies a petitioner from equitable tolling-or, for that matter, any period of time that is *per se* reasonable." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir.2007).

We find no abuse of discretion in the BIA's conclusion that Chang failed to exercise due diligence where he admitted that he did not take any action in his proceedings between September 1995 and early 2001. *See id.* Moreover, we find without merit Chang's argument that he was unaware of his prior counsel's purportedly ineffective assistance. Indeed, Chang admits that he participated in his former counsel's plan to provide false information to the Immigration Court, which is the very act that he now claims constituted ineffective assistance.

As the BIA did not abuse its discretion in declining to equitably toll the time limitation for filing Chang's motion, we need not consider the BIA's alternative findings that he failed to demonstrate compliance with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), or that he was prejudiced by counsel's purportedly ineffective assistance of counsel. *See Rashid*, 533 F.3d at 132.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending re-

quest for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).